**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| THIERNO SADOU DIALLO, AKA Thiemo Sadou Diallo, | No. 19-71673 |
| Petitioner, | Agency No. A213-080-720 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Thierno Sadou Diallo, a native and citizen of Guinea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We grant in part and deny in part the petition for review, and we remand.

In determining that Diallo did not suffer past persecution, it appears the agency failed to consider that Diallo was directly threatened by the police and went into hiding for four years as a result. *See Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013) (remand is appropriate where the BIA fails to consider evidence that is directly relevant to past persecution); *see also Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1314 (9th Cir. 2012) (recognizing that being forced to flee home in face of immediate threat of violence or death may constitute persecution, where persecutor's actions are motivated by a protected ground); *Khup v. Ashcroft*, 376 F.3d 898, 903-04 (9th Cir. 2004) (holding that threats combined with the murder of a fellow preacher constituted past persecution). The record also includes evidence that government actors engaged in acts of violence against opposition demonstrators at the time Diallo was threatened. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("We generally look at all of the surrounding circumstances to determine whether the threats are actually credible and rise to the level of persecution."). Because it appears the agency failed to consider all relevant record evidence in finding that Diallo's past harm did not rise to the level of persecution, we grant the petition for review as to Diallo's asylum and

2                                                                                    19-71673

withholding of removal claims and we remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Substantial evidence supports the agency's denial of CAT relief because Diallo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guinea. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Diallo's request for judicial notice, set forth in the opening brief, is denied.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**